Filed 6/22/22  P. v. Molina CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN MOLINA,<br><br>Defendant and Appellant. | F082625<br><br>(Super. Ct. No. CR18006263)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Shawn D. Bessey, Judge.

Robert F. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and  Respondent.

-ooOoo-

---

[*]       Before Hill, P. J., Smith, J. and Meehan, J.

Defendant Christian Molina contends on appeal that (1) his sentence must be vacated and reduced by two years because Assembly Bill No. 124's (2021–2022 Reg. Sess.) (Assembly Bill 124) amendments to Penal Code section 1170[1] must be applied to his case, and (2) that his case should be remanded for the trial court to hold an ability-to-pay hearing regarding section 1465.8 and Government Code section 70373 assessments and the restitution fine imposed by the trial court. The People agree that amended section 1170 applies, but contend that defendant's case must be remanded to the trial court for resentencing in light of amended section 1170, and at that time, defendant may raise the issue of his ability to pay the fine and assessments with the trial court. We vacate defendant's sentence and remand for resentencing in light of amended section 1170. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On June 24, 2019, the Stanislaus County District Attorney filed an information charging defendant with first-degree burglary (§ 459; count I); battery on a spouse or cohabitant (§ 273.5, subd. (a); count II); making criminal threats (§ 422, subd. (a); count III); and three counts of assault with a deadly weapon (§ 245, subd. (a)(1), counts IV–VI). The information alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)) as to counts II, V, and VI.

On November 18, 2020, a jury found defendant guilty on all counts and found true the great bodily injury allegations. On February 11, 2021, the trial court sentenced defendant to a total of 12 years eight months in prison with credit for 1,021 days in custody as follows: three years (the midterm) for count II, plus four years for the section 12022.7 enhancement; four years (the midterm) for count I, stayed; two years (the midterm) for count III, concurrent; one year (one-third the midterm) for each of counts IV through VI, consecutive; and one year four months (one-third the midterm),

---

[1] All statutory references are to the Penal Code unless otherwise noted.

consecutive for the enhancements to counts V and VI. The trial court imposed a restitution fine of $3,600 (§ 1202.4, subd. (b); a parole revocation fine of $3,600 (§ 1202.45), stayed; a court operations assessment of $240 ($40 per charge) (§ 1465.8); and a conviction assessment of $180 ($30 per charge) (Gov. Code, § 70373).

On April 8, 2021, defendant filed a notice of appeal.

## STATEMENT OF FACTS

On September 7, 2018, defendant broke into his ex-girlfriend's home and physically attacked her, hitting her in the face multiple times and squeezing her throat until she lost consciousness. As he attacked her, she made her way to the street in front of her home, and defendant fled when several of her neighbors came to her aid. Two people in a truck pursued defendant.

A few minutes later, defendant returned to the scene in his pick-up truck, and accelerated as it approached where his ex-girlfriend and her neighbors were standing. Defendant's truck struck a fence, his ex-girlfriend's truck, and a parked car belonging to a neighbor. Defendant's ex-girlfriend and two of her neighbors were struck by either defendant's truck or one of the other vehicles that defendant's truck struck.

Defendant was apprehended by responding sheriff's deputies. He admitted strangling and hitting his ex-girlfriend, and admitted striking a vehicle in front of her home, but stated he crashed into it because he was attempting to flee the other vehicle that was pursuing him.

The crash resulted in one neighbor having a fractured wrist requiring surgery, physical therapy, and causing persistent pain, and a second neighbor having fractures in two lumbar vertebrae and one kneecap, requiring a brace, medication, and physical therapy.

Defendant was 24 years old on September 7, 2018.

3

## DISCUSSION

### A. *Assembly Bill 124*

Defendant first contends his sentence must be vacated and reduced by two years because Assembly Bill 124's amendments to Penal Code section 1170 must be applied to his case. The People agree that Assembly Bill 124's amendments to section 1170 apply to defendant's case but contend that the proper remedy is remand to the trial court for resentencing. We agree with the People.

Defendant was sentenced to the middle term of three years for count II, plus four years on the enhancement to that count, for a total of seven years.

The probation report listed the following circumstances in aggravation: that the crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness; that defendant was armed with or used a weapon at the time of the commission of the crime; that the manner in which the crime was carried out indicated planning, sophistication, or professionalism; and that defendant had engaged in violent conduct indicating a serious danger to society. In mitigation, the probation report noted that defendant had no prior record. The report recommended defendant be incarcerated in state prison.

At the sentencing hearing, the trial court denied probation. The trial court found count II would be the principal term and adopted the findings of the probation report regarding the aggravating factors but noted defendant's lack of criminal history as a mitigating circumstance. In imposing defendant's sentence, the trial court stated that it chose "the middle term because of the factors balancing in related to aggravation, as well as the mitigation. I think the middle term is where we land based on that balancing." The trial court also chose the middle term of four years for the enhancement to count II.[2]

---

[2] Section 12022.7, subdivision (e) provides that a defendant "who personally inflicts great bodily injury under circumstances involving domestic violence in the commission

4

Assembly Bill 124 amended section 1170 specifically mandating the sentencing court to consider "youth" as a mitigating factor in deciding which term to impose. Section 1170, subdivision (b)(6) now reads,

> "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] … [¶]

> "(B) The person is a youth, or was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6).)

Section 1016.7, subdivision (b) provides that "[a] 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed." (Stats. 2021, ch. 695, § 4.)

Assembly Bill 124 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Assembly Bill 124's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final

---

of a felony … shall be punished by an additional and consecutive term of imprisonment in the state prison for three, four, or five years."

5

on Assembly Bill 1170's effective date.  (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As the parties agree, defendant's case was not final on January 1, 2022, he was 24 years old when he committed his offenses, and he was sentenced to the middle term for count II and the enhancement to that count, under former section 1170.  We agree.  Defendant is entitled to the benefit of Assembly Bill 124.

Defendant seeks modification of his term of imprisonment for count II and the enhancement to that count on review, but the People contend that remand is the appropriate remedy.

As defendant was sentenced to the middle term for count II and the enhancement to that count and the offenses were committed when he was 24 years old, we conclude that remand for resentencing is the appropriate remedy.  Section 1170, subdivision (b) now requires imposition of the lower term for defendant's cohabitant battery conviction and other offenses if defendant was a "youth" (under 26 years old) "at the time of the commission of the offense," "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice."  (§§ 1016.7, subd. (b), 1170, subd. (b).)  Because defendant was 24 years old at the time of his offense, the trial court is now required to examine whether his age "was a contributing factor in the commission of the offense" that would require imposition of the lower term.  (§ 1170, subd. (b)(6).)  However, while amended section 1170, subdivision (b) requires the trial court to consider defendant's youth as a mitigating factor, it also requires the trial court to balance the aggravating and mitigating factors and permits the trial court to impose the middle or upper term if it determines that "the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice."  (§ 1170, subd. (b)(6).)  Accordingly, while defendant is entitled to have the trial court reconsider its sentencing in light of amended section 1170, taking his "youth" into account as a

6

mitigating circumstance, amended section 1170 does not entitle defendant to an automatic reduction to his term. This matter is remanded for the trial court to resentence defendant consistent with the amendments made to section 1170 under the authority granted by Assembly Bill 124. We express no opinion on how the trial court should rule.

### B. Fines and Fees

Defendant contends the case should be remanded for the trial court to hold an ability-to-pay hearing regarding assessments imposed under section 1465.8 and Government Code section 70373, and the restitution fine. As defendant's case will be remanded for resentencing in light of amended section 1170, subdivision (b), the trial court will reconsider the fines and fees imposed. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893; see *People v. Nilsson* (2015) 242 Cal.App.4th 1, 34 [full resentencing includes consideration of fines, fees, and restitution].) On resentencing, defendant may raise the issue of his ability to pay the fine and assessments.

## DISPOSITION

Defendant's case is remanded for resentencing in light of Assembly Bill 124's amendments to section 1170. On remand, defendant may raise the issue of his ability to pay the assessments and restitution fine. In all other respects, we affirm.

7